■ DAVID W. DOYLE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v. POIRIER & McLANE CORPORATION, Third-Party Defendant-Appellant.— Action by a pedestrian to recover damages for personal injuries, received when he was struck by a bus, against the New York City Transit Authority, the owner of the bus, Anthony J. Muller, the operator of the bus, and the City of New York. The City of New York served a cross complaint for judgment over on the New York City Transit Authority and a third-party complaint for judgment over on Poirier & McLane Corporation, which had a construction contract with the city containing an indemnity provision. The jury rendered a verdict for $100,000 in favor of the pedestrian against the Transit Authority, Muller and the city, and the court thereupon dismissed the cross complaint. By stipulation the disposition of the third-party action was left to the court, which granted judgment over in favor of the city. The Transit Authority and Muller appeal from so much of the judgment entered thereon, as amended by an order entered February 13, 1959, as is in favor of respondent against them; the city appeals, as limited by its brief, from so much of said judgment as is in favor of respondent against it, and Poirier & McLane Corporation appeals from so much of said judgment as is in favor of respondent against the city and as is in favor of the city against it. Amended judgment insofar as appealed from reversed and a new trial granted, with costs to abide the event, unless, within 10 days after entry of the order hereon, respondent stipulate to reduce the amount of the verdict in his favor to $80,000, in which event the amended judgment, insofar as appealed from, as so reduced, is affirmed, without costs. The locale of the accident was a triangular island near the intersection of Flatbush Avenue and Fulton Street, two heavily travelled public streets in the Borough of Brooklyn. On the date of the accident the area was under extensive construction. Appellants contend that the island, under the circumstances there present, was a roadway limited to vehicular use. Respondent contends that it was open to him as a walkway of a public street. The determination as to the liability of appellants was properly left to the jury, but its verdict is excessive. The disposition of the third-party action was also proper, since the indemnity provisions of the contract between the parties thereto in effect absolutely rendered the third-party defendant-appellant solely liable thereon, irrespective of the cause of the accident and of the negligence attributable thereto (*Jordan* v. *City of New York*, 3 A D 2d 507, affd. 5 N Y 2d 723; *Fuller Co.* v. *Fischbach & Moore*, 7 A D 2d 33; *Matuszak* v. *City of New York*, 8 A D 2d 976). Since the liability over was for both "loss and liability", the learned trial court correctly ruled that section 211-a of the Civil Practice Act had no relevance to the third-party defendant-appellant's request for a stay of execution until the city, as indemnitee, paid over its share of the judgment to respondent. The section invoked, as applicable to this case,

has reference only to the contribution to be had among the appellants. Beldock, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., concurs in the reversal of the judgment, but dissents from the granting of a new trial on condition that respondent stipulates to reduce the amount of the verdict in his favor, and votes to grant a new trial on the ground that the verdict is against the weight of the credible evidence, with the following memorandum: It is, of course, unfortunate that respondent has no recollection of the accident, but the intersection at which it occurred is, under normal conditions, one of the most congested and hazardous crossings in the Borough of Brooklyn. The photographic exhibits disclose that at the time of the accident the obvious condition of the scene was such that the ordinarily careful and prudent pedestrian should have observed its inherent danger. The intersection was controlled both by a traffic light and by a police officer. The testimony is that the bus was proceeding properly on a green light and the instruction of the traffic officer. Had respondent looked, he must have observed the bus coming. I do not see how this accident could have occurred except for the negligence of the respondent. Murphy, J., deceased.